THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS WHITE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 27, 1968, convicting him of robbery in the first degree and related crimes, upon a jury verdict, and imposing sentence. Judgment affirmed. We have considered all of defendant's contentions and have found them to be without merit. Among the contentions made, defendant claims that papers on a motion for a new trial made by his counsel in July, 1968 have been "completely deleted from the trial record" and also claims that "equally deleted" is a conversation among defendant himself, his counsel and the trial court concerning his illness. Defendant also refers to a letter written by his Legal Aid Society attorney which was allegedly deleted from the record. Defendant has included copies of said motion papers and said letter in an appendix to his appeal brief; and the issue of his illness was fully covered in the trial record. Thus, all of the deleted documents have either been supplied or are already in the record, in substance. We have considered all of the points raised in these various documents and find no reversible error. Rabin, P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GERALD ZODDA, Appellant.— On this appeal from a judgment of the County Court, Nassau County, rendered November 18, 1969 on resentence, this court remitted the case to the County Court on October 26, 1970 for findings of fact and conclusions of law upon a hearing to be held under section 2189-a of the former Penal Law and ordered the appeal held in abeyance in the interim (*People* v. *Zodda,* 35 A D 2d 742). It has been reported to this court that such hearing has not been held because of a change in the situation as to appellant's condition and that an order was made by the County Court on June 8, 1971, committing appellant to the custody of the Commissioner of Mental Hygiene based upon a finding that appellant is in such a state of idiocy, imbecility or insanity that he is now incapable of understanding the charge or proceedings against him, or of making his defense thereto. Under the circumstances, the appeal shall be held in abeyance until it is found that appellant is no longer in such state and the proceedings are resumed and until thereafter when the findings and conclusions under section 2189-a of the former Penal Law are made. Rabin, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.